BOLIN, Judge
(dissenting).
I respectfully disagree with the majority opinion which reversed the trial court on a purely factual matter, the resolution of which depended entirely upon the credibility of three witnesses, all of whom were directly interested in the outcome of the litigation. In spite of my diligent study of this record, I simply am not able to say that the learned trial judge committed manifest error when he concluded, after hearing and observing all witnesses:
“We believe the employment, or the employment contract was entered into exactly as testified by the plaintiff, William G. Walter, and were impressed with his testimony.”
I am mindful of the many cases decided under the statute holding that same is penal in nature and as such should be strictly construed. However, the instant case does not involve the interpretation of the statute, but rather a resolution of a disputed factual issue. I am, however, constrained to add that the statute in question is extremely harsh, and that an employer is penalized in certain cases for the privilege of litigating his rights. In fact, in this case, this very defendant applied for writs to this court immediately after judgment was initially rendered against him in the lower court. The theory of his application for writs being that he would suffer irreparable injury by pursuing the ordinary course of appeal because the wages were continuing in favor of the employee under the statute in question. We refused the issuance of a writ because we concluded any injury that might be suffered by the employer would be due to the provisions of the statute itself. I have the same feeling about the problem presented by this case on appeal. While undoubtedly the employer is being penalized for litigating this matter in that the wages to the employee are continuing, this is a gamble he must take under the plain terms of the statute. The trier of facts was convinced this appellant knew ap-pellee was entitled to a weekly wage of $100, and refusal to pay same upon proper demand subjected him to pay such continuing wages under the statute. No matter what my personal views might be relative to the wisdom of the statute in question, the evidence, in my opinion, fully substantiates the judgment appealed from.
Rehearing denied; BOLIN, J., dissenting.